UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PHAZON M. BOLTON, | ) | CIVIL NO. 4:21-CV-01126 |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | (ARBUCKLE, M.J.) |
| SGT. STAMM, *et al.,* | ) | |
| Defendants | ) | |

**MEMORANDUM OPINION**

## I.     INTRODUCTION

Plaintiff Phazon M. Bolton brought this civil rights action in 2021. Plaintiff has failed to respond to a Motion for Summary Judgment (Doc. 61), despite two separate Orders requiring him to do so (Docs. 64, 66). The parties have consented to proceed before a United States Magistrate Judge. (Doc. 30). It appears to the Court that Plaintiff has abandoned this case. For the reasons explained below this case will be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for Plaintiff's failure to prosecute his case.

## II.    BACKGROUND & PROCEDURAL HISTORY

On June 24, 2021, Plaintiff initiated this civil rights action by lodging a Complaint against Defendants Sergeant Stamm, Corrections Officer Kimmel, and Lieutenant John Doe. (Doc. 1). Plaintiff was granted leave to proceed *in forma pauperis* and his complaint was deemed filed. (Doc. 7). At the time he filed his Complaint, Plaintiff was an inmate at State Correctional Institution ("SCI") Coal

Township. On August 22, 2022, the Court received a letter updating Plaintiff's address that appeared to indicate he had been released from prison.[1] (Doc. 50).

Plaintiff alleges in his Complaint that on October 1, 2020 at SCI Coal Township he was taken from his cell in the Restricted Housing Unit ("RHU") after reporting suicidal thoughts. (Doc. 1, p. 5). Plaintiff was then moved to a 'psych' observation cell[2] ("POC"), or "the POC holding cage," by Defendants Stamm, John Doe and four other Corrections Officers. *Id*. Psychology specialist Michelle Bless ("Bless") and an unidentified inmate worker ("the inmate") came into the POC where Plaintiff was being held. *Id*. Plaintiff alleges the inmate began telling Plaintiff he was acting out for no reason and that Plaintiff knew what he had done to come to prison. *Id*. This continued until Plaintiff yelled to leave him alone, at which point both Bless and the inmate left. *Id*.

After Bless and the inmate left, Plaintiff began venting to himself in his cell. (Doc. 1, p. 5). Plaintiff alleges that at this time Defendant Stamm was standing outside his cell and told him to "shut the fuck up," kill himself, and that the staff did not care. *Id*. Plaintiff told Defendant Stamm to shut up and leave him alone. *Id*.

---

[1] When deposed by Counsel for Defendants Kimmel and Stamm, Plaintiff stated he was released from SCI Coal Township when he maxed out. (Doc. 62-1, p. 14 lines 21, 24). It is unclear what date Plaintiff maxed out.

[2] Plaintiff does not define what "POC" stands for in his Complaint. However, while being deposed, both Plaintiff and Counsel for Defendants Kimmel and Stamm spoke of a "psych observation cell" that they define as being called a POC cell. (Doc. 61-2, p. 18 line 25, p. 19 lines 2-3, 12-14).

Defendant Stamm allegedly told Plaintiff to kill himself again before closing the cell door. *Id*. Plaintiff then took his shirt off and began ripping it to make a noose. *Id*. Defendant Kimmel joined Defendant Stamm standing outside Plaintiff's cell door and allegedly told Plaintiff he did not have "the ball[s] to do it" and that Plaintiff was not "built like that." *Id*.

Plaintiff then tied his shirt on the bars above the cell and wrapped it around his neck and attempted to hang himself. (Doc. 1, p. 5). The last thing Plaintiff remembers seeing before passing out is various prison officials rushing into the room and "just look at" him. (Doc. 1, p. 4). Plaintiff was hospitalized for five days before he returned to SCI Coal Township. *Id*.

In the legal claims section of his Complaint Plaintiff writes,

I believe my following constitutional right and laws were violated

1) Eighth Amendment right, protection from physical brutality, cruel and unusual punishment, serious medical need, deliberate indifference,

2) Fourteenth Amendment, The Due Process of state law

3) Action under color of Federal law

4) Action under color of state law

5) Intentional Torts, Assault and Battery.

(Doc. 1, p. 6). I construe Plaintiff's Complaint as bringing a 42 U.S.C. § 1983 Eighth Amendment Cruel and Unusual Punishment claim, a § 1983 Eighth Amendment

inadequate medical care claim, a § 1983 Fourteenth Amendment Due Process claim and state law tort claims for assault and battery. Plaintiff claims he suffered a laceration to the top left of his head above his forehead, swelling in his eyes and lips, lumps on his forehead, and that he feared for his life and wellbeing. *Id*. As relief Plaintiff requests compensatory damages, punitive damages "and convictions" and a transfer because he is "in fear for [his] life by staff." *Id*.

After being granted extensions of time to complete discovery and file dispositive motions, on May 1, 2023 Defendants Kimmel and Stamm filed a Motion for Summary Judgement, (Doc. 61), Statement of Material Facts, (Doc. 62), and Brief in Support (Doc. 63). On May 4, 2023 the Court issued a Briefing Order instructing Plaintiff to file a brief in opposition and responsive statement of material facts. (Doc. 64). When Plaintiff failed to do so the Court issued a second Briefing Order on June 2, 2023 instructing him to file a brief in opposition and responsive statement of material facts. To date Plaintiff has not done so.

## III.   FEDERAL RULE OF CIVIL PROCEDURE 41(B) LEGAL STANDARD

With this background in mind, I now turn to the legal standard that guides the Court's analysis in this case.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes a court to dismiss a civil action for failure to prosecute or comply with a court order, stating that: "If the plaintiff fails to prosecute or to comply with these rules or a court order,

a defendant may move to dismiss the action or any claim against it."[3] A court's authority to dismiss extends past granting a motion by the defendant. In fact, "[u]nder Rule 41(b), a district court has authority to dismiss an action sua sponte if a litigant fails to prosecute or to comply with a court order."[4] "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in the courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."[5]

Decisions regarding dismissal of actions for failure to prosecute or comply with a court order rest in the sound discretion of the Court and will not be disturbed absent an abuse of that discretion.[6] That discretion, while broad, is governed by the following factors, commonly referred to as *Poulis* factors:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the

---

[3] Fed. R. Civ. P. 41(b); *Price v. Williams*, No. 1:08-CV-583, 2019 WL 1620287, at *3 (M.D. Pa. Apr. 16, 2019) (citing *Woods v. Malinowski*, No. 17-17, 2018 WL 3999660, at *1 (W.D. Pa. July 18, 2018), *report and recommendation adopted as modified by* 2018 WL 3997344 (W.D. Pa. Aug. 21, 2018)).

[4] *Qadr v. Overmyer*, 642 F. App'x 100, 102 (3d Cir. 2016) (per curium) (citing Fed. R. Civ. P. 41(b)); *see also Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 871 (3d Cir. 1994) (recognizing that a court can dismiss a case *sua sponte* under Rule 41(b)).

[5] *Id*.

[6] *Emerson v. Thiel College*, 296 F.3d 184, 190 (3d Cir. 2002) (citations omitted).

effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.[7]

"In balancing the *Poulis* factors, [courts] do not [employ] a . . . 'mechanical calculation' to determine whether a District Court abused its discretion in dismissing a plaintiff's case."[8] Consistent with this view, it is well-settled that "no single *Poulis* factor is dispositive," and that "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint."[9]

## IV.   DISCUSSION

We will now evaluate the *Poulis* factors as they apply to this case.

Plaintiff has failed in his obligation to respond to Defendants Kimmel and Stamm's Motion for Summary Judgment and has disregarded two Orders directing him to respond. My evaluation of the six *Poulis* factors compels dismissal.

The first *Poulis* factor requires that the Court consider the party's personal responsibility. Plaintiff is proceeding *pro se* in this case. His status, however, does not excuse compliance with the Federal Rules of Civil Procedure and does not excuse Plaintiff from his obligation to abide by orders of court. The sole

---

[7] *Id.* (citing *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984)).

[8] *Briscoe*, 538 F.3d at 263 (quoting *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992)).

[9] *Id.* (internal citations and quotations omitted).

responsibility for meeting those obligations in this case is Plaintiff's.[10] Plaintiff has not met his obligations in this case because he did not properly respond to Defendants Kimmel and Stamm's Motion and did not respond to the Orders directing him to do so. Further, Plaintiff has made no effort to amend his Complaint to identify the John Doe Defendant.[11] Accordingly, we find that the first factor weighs in favor of dismissal.

The second *Poulis* factor requires that the Court consider whether Plaintiff's conduct has resulted in any prejudice to Defendants. In this context, examples of prejudice are "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party."[12] Prejudice for purposes of the *Poulis* analysis, however, does not mean irremediable harm.[13] "[T]he burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy is sufficiently prejudicial."[14] Defendants Kimmel and Stamm seek timely resolution of this case

---

[10] *Cannon v. Moore*, No. 1:19-CV-1700, 2022 WL 2932218, at *5 (M.D. Pa. June 17, 2022) (finding that a *pro se* litigant was responsible for failing to comply with the Court's rules and orders), *report and recommendation adopted*, 2022 WL 2918898 (M.D. Pa. July 25, 2022).

[11] Discovery in this case closed on December 22, 2022. Since then Plaintiff has made no effort to amend his Complaint to identify this John Doe. In fact the Court has not received any communication from Plaintiff since before the close of discovery.

[12] *Scarborough v. Eubanks*, 747 F.2d 871, 876 (3d Cir. 1984).

[13] *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. Feb. 28, 2003).

[14] *Id.*

that began over two and a half (2.5) years ago based on facts occurring over three (3) years ago. Defendant John Doe is presumably unaware of Plaintiff's case against him and his ability to prepare a trial strategy is impeded. Plaintiff's failure to comply with court rules and respond to court orders frustrates and delays the resolution of this action. Accordingly, we find that the second factor weighs in favor of dismissal.

The third *Poulis* factor requires the Court to consider whether Plaintiff has exhibited a history of dilatoriness over the life of this case.[15] "[C]onduct that occurs one or two times is insufficient to demonstrate a 'history of dilatoriness.'"[16] "Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders."[17] Plaintiff does not have a history of dilatoriness over the life of this case. However, this is the first substantive Motion filed in this case where Plaintiff was required to and ordered to file a brief in opposition (and responsive statement of material facts). We find the third factor weighs against dismissal.

The fourth *Poulis* factor requires the Court to consider whether Plaintiff's conduct was willful or in bad faith. In this context, "[w]illfulness involves intentional

---

[15] *Adams*, 29 F.3d at 875 ("a party's problematic acts must be evaluated in light of its behavior over the life of the case.").

[16] *Briscoe*, 538 F.3d at 261.

[17] *Adams*, 29 F.3d at 874.

or self-serving behavior."[18] The Court issued two Orders directing Plaintiff to file a brief in opposition and responsive statement of material facts, giving Plaintiff a total of forty-three (43) additional days to file these documents past the twenty-one (21) allotted for by the Local Rules. (Docs. 64, 66). These Orders were sent to Plaintiff through the mail, and nothing in this record suggests they were not received. Plaintiff is familiar with communicating with the Court. Prior to the Court's Orders instructing Plaintiff to properly respond to Defendants Kimmel and Stamm's Motion Plaintiff filed five Motions[19] (Docs. 26, 34, 39, 40, 42), including one Motion for an Extension of Time to Complete Discovery (Doc. 42), and six letters to the Court with various requests (Docs. 13, 19, 27, 29, 33, 36). Plaintiff's Motion for an Extension of Time demonstrates that Plaintiff knows how to seek more time to respond from the Court. (Doc. 42). Plaintiff's subsequent failure to respond to the Court in any way when he clearly knows how to contact the Court suggests his failure to respond is a deliberate choice. The last communication the Court received from Plaintiff was on August 22, 2022, over one year and three months ago, when he filed a notice of change of address.[20] (Doc. 50). Further, both Orders requiring

---

[18] *Id.* at 875.

[19] Those five Motions are exclusive of Plaintiff's Motions to Proceed *in forma pauperis*.

[20] Plaintiff was deposed on December 16, 2022 by Defendants, however the Court has not received any communication from him since the August 22, 2022 change of address. (Doc. 62-1, p. 2).

Plaintiff to respond warned Plaintiff that failure to file a brief in opposition may lead to his case being dismissed for failure to prosecute pursuant to Rule 41 of the Federal Rules of Civil Procedure. (Docs. 64, 66). As to Defendant John Doe, discovery in this case closed on December 22, 2022. Since the close of discovery, over three hundred and forty-eight (348) days ago, Plaintiff has made no effort to amend his Complaint to identify the John Doe Defendant. In fact, the Court has not heard from Plaintiff since before the close of discovery. Plaintiff previously filed a Motion for Extension of Time to Complete Discovery (Doc. 42) which was granted (Doc. 44), indicating he knows how to seek more time for discovery prior to its closing. Plaintiff knows how to communicate with the Court and has not done so in the over 153 days that have elapsed since his last response due date of July 5, 2023. Based on all this information, we infer that Plaintiff's failure to respond was a deliberate choice. Accordingly, we find that the fourth factor weighs in favor of dismissal.

The fifth *Poulis* factor requires the Court to consider the effectiveness of alternate sanctions. Dismissal is a sanction of last resort, and it is incumbent upon a court to explore the effectiveness of lesser sanctions before ordering dismissal.[21] Plaintiff is proceeding *in forma pauperis* in this case. Therefore, it is unlikely that monetary sanctions would be effective. Moreover, Plaintiff's failure to respond to the Court's prior Orders leads to an inference that further orders would not be

---

[21] *Poulis*, 747 F.2d at 868.

effective. Accordingly, we find that the fifth factor weighs in favor of dismissal because no other sanction would be effective.

The sixth and final *Poulis* factor requires the Court to consider the meritoriousness of the claim. A claim is deemed "meritorious" for the purposes of the *Poulis* analysis when the allegations of the complaint, if established at trial, would support recovery.[22] To evaluate this factor, a court uses the standard for a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim.[23] "[F]or purposes of pleading sufficiency, a complaint need not establish a *prima facie* case in order to survive a motion to dismiss."[24] The claim need only be plausible.[25] In this case, Defendants did not file a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). This leads the Court to infer Defendants Kimmel and Stamm recognize the plausibility of Plaintiff's claims. The Court will conclude Plaintiff's claims against Defendants Kimmel, Stamm and John Doe may have been plausibly alleged.[26] Accordingly, the sixth factor weighs against dismissal.

---

[22] *Id*. at 870.

[23] *Briscoe*, 538 F.3d at 263.

[24] *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 788 (3d Cir. 2016).

[25] *Id*.

[26] However, Defendants Kimmel and Stamm have "presented summary judgment arguments which since they are not rebutted appear to be meritorious." *Fowler v. Tennis*, No. 3:09-CV-01726, 2011 WL 1988418, at *3 (M.D. Pa. May 2, 2011), *report and recommendation adopted*, No. 3:09-CV-01726, 2011 WL 1990555 (M.D. Pa. May 23, 2011).

Again, "no single *Poulis* factor is dispositive," and "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint."[27] While Plaintiff does not have a history of dilatoriness and his claims have merit, this is not enough to overcome the fact that Plaintiff, who is personally responsible for compliance with court orders, appears to have willfully failed to prosecute his claim and follow the Court's Orders. Further it does not appear to the Court that any other sanctions would be effective. This case started over two and a half years (2.5) ago and Defendants are prejudiced by the degradation of evidence through the passage of time and the delay in resolution caused by Plaintiff's failure to respond. Thus, having balanced the *Poulis* factors and concluded that four of the six those factors weigh in favor of dismissal, this case will be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because Plaintiff has failed to prosecute his case.

[The next page contains the Conclusion]

---

[27] *Briscoe*, 538 F.3d at 263 (quoting *Mindek*, 964 F.2d at 1373).

## V.     CONCLUSION

Accordingly it will be ordered that:

(1)     This case be DISMISSED pursuant to Rule 41(b) of the Federal Rules of Civil Procedure;

(2)     Defendants Kimmel and Stamm's Motion for Summary Judgment (Doc. 61) be DEEMED MOOT; and

(3)     The Clerk of Court be DIRECTED to CLOSE this case.

An appropriate Order will be issued.


Date: December 15, 2023                    BY THE COURT

                                           *s/William I. Arbuckle*
                                           William I. Arbuckle
                                           U.S. Magistrate Judge